UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| ESTHER PERKINS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>CHESTERFIELD POLICE, *et al.*,<br>　　　　Defendants. | )<br>)<br>)<br>)　　Civil Action No. 3:25CV310 (RCY)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION**

On April 23, 2025, Plaintiff Esther Perkins ("Plaintiff"), appearing *pro se*, submitted an application to proceed *in forma pauperis* ("IFP Application"),[1] along with a proposed Complaint. IFP Appl., ECF No. 1; Proposed Compl., ECF No. 1-1. Based on the financial information set forth in Plaintiff's IFP Application, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Application, ECF No. 1, will be **GRANTED**, and the Clerk will be **DIRECTED** to file Plaintiff's Complaint. However, the Court finds that Plaintiff's Complaint suffers from defects that must be addressed before this action may proceed.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*, or "IFP." As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, a "handwritten pro se document is to be liberally construed," and *pro se* pleadings generally are held "to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Pursuant to this statutory screening obligation, the Court has reviewed Plaintiff's Complaint.

## I.  BACKGROUND

Plaintiff was arrested and held by the Chesterfield County Police Department on July 10, 2024. Compl. 1. The Chesterfield County Police Department and an individual police officer, S.L. Morris, are the named defendants in this suit. *Id.* In her Complaint, Plaintiff alleges:

- She was questioned, detained, and arrested by Chesterfield Police regarding an altercation at a gas station. *Id.* at 3, 4.

- She was not involved in the altercation and had "no reason to be bothered." *Id.*

- She was taken and held in jail despite alerting an officer and deputies at the jail of her lack of involvement in the altercation. *Id.*

- Through the process of her arrest and confinement she was "physically mistreated" and "held against [her] will." *Id.*

## II.  ANALYSIS

Based on the factual allegations summarized above, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983[2] against "Chesterfield Police" (which the Court construes as the Chesterfield County Police Department) and Officer S.L. Morris, for violations of her Fourth Amendment rights. *Id.* at 1–2, 4. For the reasons stated below, neither claim survives the Court's screening analysis.

---

[2] Title 42, U.S.C. § 1983 provides, in relevant part, that "[e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . ."

### A. Chesterfield County Police Department

It is well-settled that municipalities and other local government units such as police departments cannot be sued under § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). But local government units can be sued under § 1983 "when the execution of a government's policy or custom . . . inflicts the [plaintiff's] injury." *Id*. Importantly, the Fourth Circuit has made clear that "proof of a single violation . . . cannot support an inference that the violation resulted from a municipally condoned custom of comparable practices." *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987).

Here, the Complaint does not allege that the Chesterfield County Police Department is complicit in creating a culture that allowed for the alleged wrongs to occur, nor does the Complaint allege that the execution of a specific policy or custom caused the alleged arrest in violation of Plaintiff's constitutional rights. Therefore, Plaintiff's claim against the Chesterfield County Police Department will be **DISMISSED.**

### B. Officer S.L. Morris

Plaintiff also names Officer S.L. Morris as a Defendant. *See* Compl. 2. Suits against state officials in their individual capacity[3] cannot succeed absent proof of some degree of personal involvement in the alleged deprivation of rights. *See Graham*, 473 U.S. at 166; *Vinnedge v. Gibbs*, 550 F.2d 926, 928–29 (4th Cir. 1977). Even assuming *arguendo* that Plaintiff's allegations give rise to a colorable constitutional violation,[4] despite Plaintiff's allegation that she "reported [her]

---

[3] The Complaint is silent as to whether Plaintiff endeavors to sue Officer Morris in his/her individual or official capacity. That said, because official capacity suits are essentially suits against the municipal unit itself, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), Plaintiff cannot maintain an official capacity action against Officer Morris without a valid claim against the Chesterfield County Police Department itself. And because Plaintiff has no valid claim against the Police Department, *see supra*, an official capacity claim against the Officer Morris also cannot succeed. *See English v. Clarke*, 90 F.4th 636, 649 (4th Cir. 2024).

[4] Construed liberally, the Court reads the Complaint to allege a Fourth Amendment violation by way of Plaintiff's warrantless arrest absent probable cause. *See* Compl. 4 (alleging that Plaintiff was not involved in the altercation that prompted police involvement and there was otherwise "no reason" to suspect her of wrongdoing, and,

concerns to Sgt. Officer and to deputies at the jail," Compl. 4, this is insufficient to tie the personal actions of Officer Morris to any such underlying constitutional violation. For that reason, Plaintiff has not stated a § 1983 claim against Officer Morris, and Plaintiff's claim against Officer S.L. Morris will accordingly be **DISMISSED**.

### III.  CONCLUSION

Having found that Plaintiff has failed to state any claim upon which relief may be granted, the Court finds that dismissal of this action is warranted. However, in deference to Plaintiff's *pro se* status, the Court will not yet dismiss this action. Instead, the Court will ORDER Plaintiff to SHOW CAUSE why this action should not be dismissed.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: February 23, 2026
Richmond, Virginia

---

despite this, she was detained and subsequently arrested); U.S. Const. amend. IV (protecting "[t]he right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable* searches and seizures" (emphasis added)); *cf. District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018) (citing *Atwater v. Lago Vista*, 532 U.S. 318, 354 (2001), for the proposition that a warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime in the officer's presence).

4